FARRELL, Senior Judge,
concurring:
I agree with the decision to require an evidentiary hearing, but with considerable skepticism that it will establish anything sufficient to change the outcome of the case. Even if it becomes clear on remand that trial counsel (Ms. Baron) was deficient under Strickland in not confirming the ballistics match we now know existed, and it likewise is shown (relative to appellant’s Brady claim) that MPD personnel knew of the match, I have substantial doubt that appellant would“succeed in showing Strickland prejudice or Brady materiality, that is, that there is a reasonable probability that had the jury learned that Mack or Andrews used the. same handgun to kill Deyon Rivers six weeks after the shooting of Lorraine Jackson, in the same neighborhood, it would have returned a different verdict.
The issue of prejudice or materiality does not turn on whether the ballistics match if known would have been admissible at appellant’s trial. Evidence that someone else , used the instrumentality of the charged crime in roughly the same time period, would surmount the minimal threshold of relevance, and might also withstand lenient application of the test for admitting third-party culpability evidence, see Winfield v. United States, 676 A.2d 1 (D.C.1996) (en banc). But a “reasonable, possibility,” id., that someone else committed the crime is not a reasonable probability .that he did so, as the Supreme Court emphasized in Strickler v. Greene, 527 U.S. 263, 289, 291, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), As I understand appellant’s proffer to date, the ballistics match has been accompanied by no claim that Mack or Andrews had , a motive to shoot Jackson, had a particularized opportunity to. confront her at the time she was shot, or even knew her or were known to her. All this is in strong contrast, for example, to the corroborative testimony of the building manager who heard Jackson yell to her assailant, “I know who you are,” and of Satira Shank to whom appellant admitted shooting Jackson because she was a snitch. Mack’s possession of the same gun six weeks later, which said nothing about whether he possessed it at the time Jackson was shot, “might have changed the outcome of the trial” to a jury learning of it, but that “is not the standard that [appellant] must satisfy in order to obtain relief.” Strickler, 527 U.S. at 289, 119 S.Ct. 1936 (emphasis added). In light of Jackson’s unequivocal, corroborated identification, I find it exceedingly hard to *524 say that a jury apprised of the ballistics match and little or nothing more' “could reasonably [have] taken [that evidence] to put the whole case in such a different light as to undermine confidence in the verdict.” Kyles v. Whitley, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (emphasis added).
I nonetheless agree with the remand, for two reasons. First, the evidentiary hearing should remove any residual unelarity as to what if anything, beyond the ballistics match, appellant is able to present as a link between Mack and Andrews arid the Jackson shooting. And second, in arguing the lack of Strickland prejudice and Brady materiality so far, the government has relied heavily on proffered rebuttal evidence that we are in no position yet to evaluate. Its stated reason why the ballistics evidence “does not cast meaningful doubt on the verdict [is] because the government' would have responded with damning evidence tying appellant to the murderers of Mr. Rivers” (Brief for Appellee at 37).-But, as the court points out, the nature and admissibility of that evidence has not been determined yet. Thus, while I am not nearly so certain as the court is that “[without ... the [admissible] rebuttal evidence ... we cannot say there is- no reasonable probability that the outcome of appellant’s third trial would have been different had his counsel presented the ballistics comparison,” ante at 519, I agree that resolution of the Strickland prejudice and Brady materiality issues should await the further development of the record.